No. 737.

SUCCESSION OF E. E. GRACE. OPPOSITION OF CREDITORS AND HEIRS.

An order of court granting a continuance of a case can not be appealed from.

APPEAL from the Parish Court, parish of Ouachita. *Slack, J.*

*R. W. & R. Richardson,* for succession and appellee.
*Cobb & Gunby,* for Marx, opponent.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

MANNING, C. J. Hugh Yongue, administrator of the succession of E. E. Grace, having filed his final account, its homologation was opposed by Elias Miller, tutor to a minor child of the deceased, and by Amelia Miller. At the June term just past, a continuance was prayed by the tutor, and his attorney filed an affidavit in support thereof, and the judge ordered the continuance thus prayed.

Marx, a creditor of the deceased duly acknowledged, prayed an appeal from this order. The tutor to the minor, and the administrator, move in this court to dismiss the appeal on various grounds, the first of which is that no appeal lies from an order of continuance. The motion must prevail.

The appellant contends that his appeal is properly taken, because it is from an interlocutory order which works him irreparable injury. The

injury occasioned by mere delay is not irreparable, and it has been fre-
quently held that no appeal will lie from an order granting a continu-
ance productive of mere delay. In Compton vs. Patterson, 1 New Se-
ries, 597, it was so expressly ruled. In the State vs. Judge of the Parish
Court, 15 La. 521, this court refused a mandamus to compel the judge to
proceed to a trial of a cause in which he had granted a continuance, and
the refusal was put upon the ground that the court would be called on
to revise an order from which no appeal could be taken. And this was,
in accordance with the previous ruling in State vs. Esnault, 12 Martin,
488.

The appellant's counsel refer us to Duplessis vs. Lastrapes, 11 Rob.
451, in support of the doctrine that an appeal will lie from an interlocu-
tory judgment which may work an irreparable injury. That is undis-
puted, and is as well settled as the other ruling, that no appeal lies from
an order of continuance. Duplessis' case was an action to fix the bound-
aries of land. The defendants had called in their neighbor, whose
boundary might be affected by the displacement of theirs, and that
neighbor had called his vendor in warranty, and this vendor wanted a
continuance to call in his vendor. The court said—"if it be conceded
that the defendant had the right of making his neighbors parties, and
they their own, there would be no limitation to the number of parties
that might thus be brought in." The suit would thus be procrastinated
to an indefinite period.

The reason of the rule, that a mere order of continuance can not be
appealed from, is its futility, and the wisdom of that rule was never
better illustrated than in the present case. For what is the object of
this appeal, and how is the appellant to be benefitted by it?

The concluding sentence of his counsel's brief asks us to reverse the
order of continuance granted by the parish judge, and proceed to render
such judgment as the parish court should have rendered, i. e. order the
distribution of the funds of the estate among the creditors acknowledged,
and placed on the tableau by the administrator.

As we have not original jurisdiction, there must be rendered some
judgment by the lower court for us to revise. There has been neither
trial nor judgment below. The parish judge has not entered any judg-
ment, in or by which the claim of any creditor has been either allowed
or rejected, nor has he approved or disapproved any charge made by
the administrator. No issue, raised by the pleadings, has been passed
on by him. What judgment should we revise, if we undertook to do
what the appellant now asks of us? There is but one judgment, order,
or decree, and that is, that the case be continued.

Assume that the order of continuance was improperly made. Assume
that an appeal from such order is permissible, and that we so declare, our

judgment would be that the continuance was improperly granted, and the case must necessarily be remanded for trial. Obviously we should assume original jurisdiction if we were to pass upon the account, or any opposition thereto. It has not been considered or adjudged in any manner by the lower court, and we must have before us a judgment of that court upon the issues, or one of them, to be revised. Here there is no judgment, either to be affirmed, amended, or reversed. The sole matter before us in the record is an order of continuance. Meanwhile, no action is taken in the case in the lower court, and thus the appellant, who complains of an improper delay caused by the order of the parish judge, is himself the cause of a greater delay caused by his appeal.

It is unnecessary to consider any other of the grounds of appellees' motion to dismiss.

It is ordered and decreed that the appeal is dismissed at the costs of appellant.