**TERRAL v. JONES et al.** *
No. 4953.

Court of Appeal of Louisiana. Second Circuit.
April 1, 1935.

Bergeron & Rabun, of Farmerville, and Robt. J. O'Neal, of Shreveport, for appellant.

Elder & Elder, of Ruston, for appellees.

DREW, Judge.

Plaintiff alleged he was the holder and owner for value before maturity of one promissory note in the sum of $880, dated November 27, 1929, due November 1, 1930, which note was signed by Cortez Jones, as maker, and made payable to the order of himself and by him indorsed; that in order to secure the payment of said note, Cortez Jones executed a mortgage on the S. E. ¼ of N. E. ¼ and N. E. ¼ of S. E. ¼; Sec. 26, Tp. 23 N., R. 2 W., situated in Union parish, La. He alleged the note was past due and unpaid. Plaintiff further alleged that he was unable to execute and foreclose his mortgage against said land for the reason that there is of record in the mortgage records, book X, page 499. Union parish, a pretended act of mortgage, dated October 25, 1925, executed by Jesse M. Moton against this same land for the sum of

*Rehearing granted May 2, 1935.

$2,000, the note being made payable to Jesse M. Moton, or any future holder, and that this mortgage note was delivered to H. Alvie Jones and was later destroyed by fire. He further alleged that Henry M. McCormick advertised in a weekly newspaper in Union parish that he had purchased the same $2,000 note and that same had been lost or destroyed. Plaintiff further alleged the said $2,000 mortgage note had no legal effect, had no consideration, was a simulation pure and simple, and should be canceled and erased from the records of Union parish for the following reasons which are set out in the petition, beginning with article XIV:

"Petitioner further shows that the said H. Alvie Jones purchased the above described 80 acres of land from Mrs. Robert Auger on October 26, 1925, which said deed was duly recorded on the 28th day of October, 1925, in Conveyance Book 60, page 98, and the mortgage representing the balance of said purchase price recorded in Mortgage Book X, page 498, which said conveyance and mortgage were deposited in the office of the Clerk of the Third District Court of Louisiana in and for Union Parish, and filed for recordation on the 28th day of October, 1925, at the hour of 10:25 o'clock A. M., at which time the said H. Alvie Jones was being sued or threatened with a suit or suits, particularly by the J. B. Colt Company, a corporation organized under the laws of the state of New Jersey, with its principal office in the city of New York, State of New York, and in order to place said land beyond the reach of said J. B. Colt Company, the said H. Alvie Jones, on October 28, 1925, made and filed for recordation in the Parish of Union, State of Louisiana, an act of conveyance of said land to one Jesse M. Moton, which said purported act of conveyance was deposited in the Clerk's Office of the Third Judicial District Court of Union Parish, Louisiana, and filed for recordation on the 28th day of October, 1925, at the hour of 10:27 o'clock A. M., and on the same day, month and year the said H. Alvie Jones had the said Jesse M. Moton to execute the mortgage referred to in Paragraph 8 hereinabove, for the sum of $2000.00; that said act of mortgage and said conveyance executed by the said Jesse M. Moton and H. Alvie Jones, respectively, were both simulated in that the said H. Alvie Jones did not sell said land to the said Jesse M. Moton and the said Jesse M. Moton did not purchase the said land and the said Jesse Moton did not then or since owe H. Alvie Jones or any holder of said note any sum whatever.

"XV. Petitioner further shows that the said Jesse M. Moton has never taken possession of said land, but, on the contrary, the said H. Alvie Jones has, since the date of his purchase, remained in the actual physical possession of said property and has received the fruits and revenues thereof to the exclusion of the said Jesse M. Moton or his assigns.

"XVI. Petitioner further shows that the said Jesse M. Moton has never received any of the fruits and revenues derived from said land.

"XVII. Petitioner further shows that the said Henry M. McCormick has never acquired the ownership of said mortgage and note, as said note has long since been destroyed, prior to the date of the notice inserted in the newspaper, as set forth in Paragraph X hereinabove, and the same was not and could not have been delivered to the said Henry M. McCormick; that his pretended claim of ownership and notice of his claim thereto was not given until after petitioner had brought a suit to foreclose his mortgage on said land (which suit was brought on the second day of March, 1932, and on the day of the intended sale, ———, petitioner informed the Sheriff of Union Parish, Louisiana, that he desired to withdraw the said land from said intended sale, which request was granted, and accordingly, the said land was not offered for sale to the bidding public because petitioner had then learned of the recordation of the aforesaid mortgage herein sought to be cancelled), and solely with a view to aid and assist the said H. Alvie Jones and Jesse M. Moton, in defeating petitioner's rights in the premises, although said pretended ownership of said note was not acquired until after said note had prescribed on its face and on which the said Jesse M. Moton had never paid any sum.

"XVIII. That the notice of the acquisition and ownership of the said note by the said McCormick was not given, in the manner as set forth in X hereinabove, until after petitioner had obtained the issuance of a rule to show cause on H. Alvie Jones and Jesse M. Moton why the note herein and mortgage sought to be cancelled herein should not be decreed null and void and its inscription on the mortgage records of Union Parish, Louisiana, ordered erased, which rule was made returnable in this Honorable Court on the 21st day of November, 1932, at the hour of 10:00 o'clock A. M., and was dismissed by petitioner on the return date for the reason that the sheriff's office was unable to locate the said Jesse M. Moton, all of which will

fully appear by reference to the suit entitled 'Tom F. Terral v. H. Alvie Jones et al.', bearing No. 9900 on the civil docket of this Honorable Court, which is made a part hereof by reference thereto.

"XIX. Petitioner further shows that he is entitled to have said pretended act of mortgage in the sum of $2,000.00 executed by the said Jesse M. Moton, as aforesaid, cancelled and erased from the records of the Parish of Union, State of Louisiana, as an encumbrance on the property on which your petitioner has a valid, legal and existing mortgage.

"XX. That said act of mortgage aforesaid be decreed a simulation pure and simple, and without legal effect.

"XXI. That the purported transfer by H. Alvie Jones of the land described herein was never accepted by the said Jesse M. Moton.

"XXII. That on the 24th day of November, 1928, the said Jesse M. Moton executed a transfer of the land herein to Cortez Jones, a son of H. Alvie Jones, and the consideration, as recited therein, was the sum of $1,500.00, cash, all of which will fully appear by reference to said act of sale as recorded in Conveyance Book 69, page 489, of the records of Union Parish, Louisiana.

"XXIII. That at the time of said transfer the mortgage herein sought to be cancelled was still of record in Mortgage Book X, page 499, of the Records of Union Parish, Louisiana, and also the mortgage executed by H. Alvie Jones in favor of Mrs. Robert Auger, or any future owner of the note secured, being for the sum of $660.00, was at the time of said transfer uncancelled and of record in Mortgage Book X, page 498, of the Mortgage Records of Union Parish, Louisiana.

"XXIV. That the said Jesse M. Moton and H. Alvie Jones both intended that the note for the sum of $2,000.00 and the mortgage executed to secure said note, as described and set forth in Paragraph VIII herein, to be mere simulations and shams, made without consideration and solely for the purpose of preventing the J. B. Colt Company and other creditors of H. Alvie Jones from asserting or enforcing any of it and their claims against the property so purportedly mortgaged.

"XXV. That the said Jesse M. Moton has never claimed any right, title or interest in the property purportedly mortgaged by him, as asserted in Paragraph VIII hereinabove, but on the contrary has openly and publicly stated that he never owned the property described in Paragraph V herein, never owed any money, nor was any consideration given, for the execution of the note and mortgage described in Paragraph VIII hereinabove, and also openly and publicly stated that no payments of any kind had ever been made by him on the said note of $2,000.00, and the mortgage executed to secure said note.

"XXVI. That the note described in Paragraph VIII herein was endorsed by the said Jesse M. Moton prior to his handing it over to H. Alvie Jones.

"XXVII. That the pretended note of $2,000.00 executed by the said Jesse M. Moton, as set forth in Paragraph VIII herein, never had any legal existence, nor did the mortgage executed by the said Jesse M. Moton for the purpose of securing the said note, and that there should be judgment herein decreeing said note and said mortgage to be mere simulations, without any legal effect or existence, and the said mortgage should be ordered cancelled and erased from the records of Union Parish, Louisiana.

"XXVIII. That notwithstanding the purported sale of the property described in Paragraph V herein to the said Jesse M. Moton by the said Alvie H. Jones, the said H. Alvie Jones has continued to exercise all rights of ownership over said property from the 28th day of October, 1925, until the present time: has sold and disposed of all cotton produced and grown on said land, and has collected the price therefor, and at all times, in acts and conversation treated the said 80 acres of land as his property.

"XXIX. That Cortez Jones executed and granted the mortgage and note described in Paragraphs IV and V hereinabove, on the 80 acres of land described herein, at the direction of H. Alvie Jones for the benefit of H. Alvie Jones.

"XXX. That said H. Alvie Jones was present, aiding, assisting and consenting on the 27th day of November, in the year 1929, when his son, Cortez Jones, executed the note and mortgage as described and set forth in Paragraphs IV and V hereinabove.

"XXXI. That H. Alvie Jones, since the 25th day of October, in the year 1925, until the present time, has always owned the land described in Paragraph V herein.

"XXXII. That your petitioner loaned the money represented by the note described in Paragraph IV herein to H. Alvie Jones to pay debts of H. Alvie Jones and a mortgage note of Surry Nute for H. Alvie Jones.

"XXXIII. That H. Alvie Jones has admitted in conversations with your petitioner that the note and mortgage herein sought to be decreed shams and simulations were in truth and in fact mere shams and simulations and

since the filing of the suit by your petitioner to foreclose the mortgage described in Paragraphs IV and V herein, the said H. Alvie Jones did, in the town of Farmerville, Louisiana, agree to have the purported mortgage herein sought to be cancelled and erased from the records of Union Parish, Louisiana, but notwithstanding repeated demands made by your petitioner on the said H. Alvie Jones to do so, he has failed and refused to have the said purported mortgage cancelled.

"Wherefore, the premises considered, petitioner prays for due service and citation hereof of this petition on the said H. Alvie Jones, Jesse M. Moton, Henry M. McCormick, Cortez Jones and Zollie C. Rabun, Clerk of Court and Recorder of Mortgages, in and for the Parish of Union, Louisiana, and that after legal delays and final hearing is had, petitioner have judgment in his favor and against the said H. Alvie Jones, Jesse M. Moton, Henry M. McCormick and Cortez Jones, decreeing that the mortgage dated October 28, 1925, for the sum of $2,000.00, executed by Jesse M. Moton, recorded in Mortgage Book X, page 499, of the Mortgage Records of Union Parish, Louisiana, to be a simulation pure and simple, without any legal consideration and without any legal effect, and ordering the same cancelled and erased from the Mortgage Records of Union Parish, Louisiana.

"Petitioner finally prays for all other orders and decrees necessary and proper in the premises, for costs, general and equitable relief."

Henry M. McCormick, the alleged present holder and owner of the $2,000 mortgage note sought to be canceled, filed an exception of no cause or right of action. This exception was overruled by the lower court and, after answer was filed, the case was tried on the merits. Before any testimony was taken, defendants objected to any testimony on the part of plaintiff for the reason that his petition failed to disclose a cause or right of action.

After trial was had, the lower court reversed its former ruling on the exception and sustained the exception of no cause or right of action and dismissed plaintiff's suit at his costs. From this judgment, plaintiff has perfected this appeal.

■■ It is clear from a reading of the petition, which we have quoted at length, that plaintiff has alleged that his mortgagor is not the owner of the property on which plaintiff claims a mortgage, and that he has never at any time owned the said property; that at the time the mortgage was executed to him and since, the property was owned by H. Alvie Jones. However, this allegation is made for the purpose of showing the invalidity of the $2,000 mortgage executed by Jesse M. Moton and the note evidencing it, which was held by H. Alvie Jones until it was destroyed by fire. It is of no effect whether the deed from H. Alvie Jones to Jesse M. Moton was simulated or not. The record title passed to Moton and from him to Cortez Jones, who executed the mortgage in favor of plaintiff. Plaintiff's mortgage, as alleged, was taken by him in good faith from the record owner and, regardless of whether he was the real owner or not, could have no effect on the validity of plaintiff's mortgage. Brusle v. Hamilton, 26 La. Ann. 144; Testart v. Belot, 31 La. Ann. 795.

The alleged real owner of the property allowed it to stand recorded in the name of Cortez Jones, by title on its face translative of property, and put it in the power of Cortez Jones to create a valid mortgage on it. Hunter v. Buckner, 29 La. Ann. 604.

Plaintiff alleged that his mortgagor had a recorded title to the property mortgaged, and that is sufficient to sustain his mortgage.

On the remaining allegations of his petition, regarding the simulated sale from H. Alvie Jones to Jesse M. Moton, they do not in any way destroy his cause of action in this case. They were necessary allegations to set out the invalidity of the $2,000 mortgage which plaintiff is attacking, which was executed by Moton, and the note evidencing the same delivered to H. Alvie Jones.

We are convinced the petition sets out a cause or right of action, and the judgment of the lower court is erroneous.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court sustaining the exception of no cause and right of action is reversed, the exception is overruled, and the case remanded to the lower court to be proceeded with, in accordance with law; costs of appeal to be paid by appellee and all other costs to await final determination of the case.