WHIPPLE, J.
| ¡¿Plaintiff, Joseph Ballard, an inmate at Louisiana State Penitentiary in Angola, Louisiana, challenges the trial court’s denial of his motion to continue a hearing and subsequent grant of summary judgment in favor of defendant, District Attorney, Joseph L. Waitz, Jr.
On September 4, 2003, Ballard filed a “Petition for Complaint” contending therein that the district attorney illegally detained him for a period of seventy-three days by failing to set his arraignment for underlying criminal charges within thirty *337 days as required by LSA-C.Cr.P. art. 701(C).[1] Ballard further contended that this alleged “illegal confinement” constituted a violation of his civil rights and constitutional rights for which he requested damages in the amount of $1,000.00 per day for the seventy-three days he was allegedly “illegally detained” and $50,000.00 in punitive damages for pain and suffering.
In response to Ballard’s petition, the district attorney filed a motion for summary judgment, alleging that as district attorney, he was entitled to absolute immunity for his actions, as steps taken in preparation for the initiation of judicial proceedings or for trial, and which occurred in the course of his role as an advocate for the state. The district attorney conceded that Ballard was not arraigned within thirty days, as set forth in LSA-C.Cr.P. art. 701(C), but contended that the decision as to when to arraign Ballard constituted “a discretionary act made in furtherance of pursuing a pending criminal prosecution.”
| oOn June 11, 2004, the matter was heard before the trial court. Relying on Knapper v. Connick, 96-0434 (La.10/15/96), 681 So.2d 944, 950-951, the trial court concluded that even pretermit-ting whether there was just cause for the delay in setting the arraignment, under the undisputed facts, the district attorney was entitled to absolute immunity for his actions undertaken while engaged in or connected to judicial proceedings. Thus, the trial court granted summary judgment in favor of the district attorney dismissing plaintiffs claims. The trial court found that since plaintiffs claims were based on actions that occurred after his indictment, the court was bound to recognize the absolute immunity in favor of the district attorney under these circumstances.[2] A judgment was signed on June 30, 2004.
On appeal, Ballard assigns error to the trial court’s (1) grant of summary judgment dismissing his claims and (2) denial of his motion for continuance.
In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Henderson v. Kingpin Development Company, 2001-2115 (La.App. 1st Cir.8/6/03), 859 So.2d 122, 126. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
|4When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations and denials of his pleading. His response, by affidavits or otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, sum *338 mary judgment, if appropriate, will be rendered against him. LSA-C.C.P. art. 967; Robles v. ExxonMobile, 2002-0854 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341.
We have thoroughly reviewed the evidence in the record and agree with the trial court under the undisputed facts, that the district attorney herein is afforded absolute immunity, as provided in Knapper, 681 So.2d at 951, for the claims set forth by Ballard. Ballard’s claim that the district attorney failed to set his arraignment within the thirty-day time frame provided by LSA-C.Cr.P. art. 701(C), is clearly an action that occurred after his indictment, and in connection with judicial proceedings, as opposed to administrative or investigative functions. As such, the trial court correctly recognized the absolute immunity that the district attorney enjoys vis-a-vis the claims set forth by Ballard. Moreover, we agree that under the controlling law, Ballard failed to bear his burden of proving that genuine issues of material fact remained for trial.
In reference to Ballard’s challenge of the trial court’s denial of his request for continuance, we note that although an interlocutory judgment, such as a denial of a motion for continuance, generally is not appealable, it is subject to review by an appellate court when an ap-pealable judgment is ^rendered in the same case.[3] Wright v. Bennett, 2004-1944 (La.App. 1st Cir.9/28/05), 924 So.2d 178, 190.
A continuance rests within the sound discretion of the trial court, and may be granted in any case “if there is good ground therefor.” LSA-C.C.P. art. 1601. The trial court must consider the particular facts of a case when deciding whether to grant or deny a continuance. Gilmore v. Wickes Lumber, 2004-2769 (La.App. 1st Cir.2/17/06), 928 So.2d 668, 674. Absent a clear abuse of discretion in granting Or denying a continuance, the ruling of the trial court should not be disturbed on appeal. St. Tammany Parish Hospital v. Burris, 2000-2639 (La.App. 1st Cir.12/28/01), 804 So.2d 960, 963.
On the record before us, we find no abuse of the trial court’s discretion in denying Ballard’s motion for continuance. As determined by the trial court, Ballard’s request for a continuance based upon the fact that he had not had an opportunity to review responses to discovery concerning the merits of his claims was effectively mooted by the trial court’s proper application of the absolute immunity rule and dismissal of Ballard’s claims against the district attorney.
After a de novo review of the record, we find no error in the trial court’s grant of summary judgment. Moreover, we find no abuse of discretion in the denial of Ballard’s motion for continuance. Thus, we *339 affirm the June 30, 20041 ¿judgment of the trial court. Costs of this appeal are assessed against plaintiffi'appellant, Joseph Ballard.
AFFIRMED.

. Louisiana Code of Criminal Procedure article 701(C) provides:
Upon filing of a bill of information or indictment, the district attorney shall set the matter for arraignment within thirty days unless just cause for a longer delay is shown.

. At the outset of the hearing, Ballard moved for a continuance based on the fact that he had not received responses to discovery requests and interrogatories he had propounded to the district attorney. The trial court denied his motion for continuance finding that it was highly unlikely that any information that he could possibly develop by way of discovery would preclude application of the absolute immunity rule as set forth by the Supreme Court in Knapper.

. The district attorney argues in brief that the trial court's denial of Ballard’s motion for continuance is an interlocutory judgment, and is therefore non-appealable pursuant to LSA-C.C.P. art.2083 and Succession of Grace, 29 La. Ann. 694 (La. 1877). We note that in Succession of Grace, the appeal was taken solely from an interlocutory order of the trial court granting a motion for continuance, as the appellant alleged irreparable injury. The Supreme Court therein held that "a mere order of continuance can not be appealed from.”
In the instant case, however, where Ballard appeals from the judgment granting the district attorney's motion for summary judgment, we consider Ballard’s assignment of error related to the interlocutory ruling on his motion to continue as it is directly related to the final judgment on appeal. See Judson v. Davis, 2004-1699 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1112-1113; see also, Uniform Rules — Courts of Appeal, Rule 1-3.