GARY DOWDY, LENNY JOHNSON, AND DALE HAYDEL
v.
JAMES B. LEE, DONALD G. GLYNN, GLYNN CONSTRUCTION, L.L.C. AND GLYNN LEE INVESTMENTS, L.L.C.
No. 2007 CA 0115.
Court of Appeals of Louisiana, First Circuit.
November 7, 2007.
EDDIE J. LAMBERT, Attorney for Plaintiffs/Appellants, GARY DOWDY, LENNY JOHNSON and DALE HAYDEL.
DONALD L. BECKNER, Attorney for Defendants/Appellees, JAMES B. LEE, DONALD G. GLYNN, Glynn Construction, L.L.C. and Glynn Lee Investments, L.L.C.
Before GAIDRY, MCDONALD and MCCLENDON, JJ.
McDONALD, J.
This matter is an appeal from a denial in the Nineteenth Judicial District Court of an ex parte motion for legislative continuance. Subsequent to lodging of the appeal, this court received a motion from plaintiffs to supplement the record and a motion from defendants to dismiss the appeal, which motions were referred to the panel determining the merits of the appeal. The facts surrounding the matter are as follows.
In February 2006, a petition for damages and injunctive relief was filed in the 19th Judicial District Court seeking to enjoin defendants from engaging in business that allegedly violated terms of a non-compete agreement. On February 16, 2006, after arguments of counsel and for oral reasons assigned, the trial court denied a temporary restraining order, whereupon plaintiffs withdrew the application for preliminary injunction without prejudice.
Subsequently, the attorney representing the plaintiffs retired from private practice. A motion and order to enroll and substitute as counsel was filed, and the order enrolling counsel was signed on June 29, 2006. At the same time, a motion to reset a hearing on the preliminary injunction was filed, and hearing was set for August 28, 2006. The preliminary injunctions were denied at the hearing, and judgment so ordering was signed September 20, 2006.
In October 2006, a motion for partial summary judgment was filed by defendants, and set for hearing on December 11, 2006. Louisiana Code of Civil Procedure article 966 B provides:
The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. (Emphasis added).
In accordance with La. C.C.P. art. 966 B and Rules of the 19th Judicial District Court, opposition to the motion for partial summary judgment was required to be filed by December 1, 2006. However, no opposition was filed. On December 4, 2006, a motion and order to withdraw and to enroll as counsel of record was submitted to the trial court. The motion indicated that counsel of record formerly representing plaintiffs was "unable to continue representing movers in this matter and therefore desires to withdraw." Also submitted on December 4, 2006 was a separate motion requesting a continuance of defendants' motion for partial summary judgment stating that "petitioners' counsel is a member of the Louisiana House of Representatives, which is supposed to be called into special session December 8, 2006 through December 18, 2006 and therefore will be unavailable to represent plaintiffs in the matter." The motion also noted that counsel had been recently retained by the plaintiff in this matter and has not had adequate time to prepare for the motion for summary judgment and needs additional time to file responses including opposing affidavits or depositions under the provision of La. C.C.P. art. 966 B.
The motion to withdraw and enroll as counsel of record was denied by the trial court on December 5, 2006, with the following language, "Denied at this late date due to pendency of Dec. 11, 2006 hearing date and prejudice to defendants if granted." The motion for continuance was also denied. Motion and order for appeal was granted on December 6, 2006. Plaintiffs sought supervisory writ for an emergency stay of the December 11, 2006 hearing with this court, which was denied "on the showing made" on December 11, 2006. Similar writs were denied by the supreme court on January 5, 2007.
Plaintiffs assert in this appeal that the trial court erred in failing to grant an ex parte legislative continuance under La. R.S. 13:4163 and erred in hearing the motion for partial summary judgment after it was divested of jurisdiction.
A request for continuance is an interlocutory judgment and generally not appealable without a showing of irreparable harm; it is subject to review by an appellate court when an appealable judgment is rendered in the same case. Ballard v. Waitz, 06-0307 (La. App. 1st Cir. 12/28/06), 951 So.2d 335, 338, writ denied, (La. 6/15/07), 958 So.2d 1193. However, Louisiana Revised Statutes 13:4163G provides in pertinent part: "If a timely filed motion for legislative continuance is denied... such denial shall be an appealable order." The timeliness of the motion for continuance is not at issue. At issue here, is the fact that counsel seeking the legislative continuance was not counsel of record at the time the motion was filed. The motion to enroll as counsel of record was apparently denied, and denial of that motion has not been urged on appeal.
Counsel argues that the filing of a pleading is sufficient under District Court Rule 9.12 and the Louisiana Rules of Civil Procedure to enroll him as counsel of record, and citing State Dept. of Trans. and Dev. v Scramuzza, 594 So.2d 517 (La. App. 5th Cir. 1992). We agree with Scramuzza to the extent that it establishes the right of counsel to represent plaintiffs in the appeal on the merits of this matter by filing the appeal. However, we do not agree that counsel's filing of a motion under these facts, considering the trial court's denial of the motion to withdraw and enroll, implicates La. R.S. 13:4163 to the extent that the continuance is peremptory and required by law. We find that La. R.S. 13:4163G may not be invoked, and the appeal is of an interlocutory ruling subject to review upon appeal of the judgment on the merits.
Plaintiff also raises as error the trial court's hearing of the motion for partial summary judgment, asserting that the trial court was divested of jurisdiction upon the filing of the appeal, and had no jurisdiction to hear the motion. An appeal is taken by obtaining an order therefor, within the delay allowed, from the court that rendered the judgment. La. C.C.P. art. 2121. The order of appeal in the record before us was signed December 6, 2006. Therefore, the issue of whether the trial court had jurisdiction to hear a matter on December 11, 2006 is not before us. This issue can be raised in the appeal of the judgment on the merits.
Plaintiffs' motion to supplement the record was urged in order to provide a complete record to this court to make a decision on the issues raised, i.e. the continuance and the jurisdiction of the trial court to hear the motion for partial summary judgment. An appeal has been lodged on the merits of the trial court's granting of the partial summary judgment. Because we find that the issues before us in this appeal must be reviewed in an appeal of the final judgment on the merits, plaintiffs' motion to supplement the record is denied as moot.
The only remaining issue is defendants' motion to dismiss. It is well settled that appeals are favored in the law. Fraternal Order of Police v. The City of New Orleans, 02-1801 (La. 11/8/02), 831 So.2d 897, 899. An appeal should not be dismissed unless the ground urged for dismissal is free from doubt. U S. Fire Insurance Co. v. Swann, 424 So.2d 240, 245 (La. 1982). Defendants argue that the proper procedural vehicle to contest an interlocutory order is an application for supervisory writs, citing Armelise Planting Company v. Liberty Oil and Gas Corp., 05-1250 (La. App. 1st Cir. 6/9/06), 938 So.2d 178, 179. In Armelise, this court converted an appeal to a writ in the interest of judicial economy and determined the merits of the issue raised, which was of an interlocutory order. Defendants assert that in this case writs were taken to both this court and the supreme court, seeking review of the district court's interlocutory order of December 5, 2006 denying plaintiffs' counsel's motion to enroll and motion for continuance. As noted previously, both writ applications were denied. Defendants argue that plaintiffs have exhausted the option of conversion of the appeal to a supervisory writ, and the appeal should be dismissed.
Our review of the record reveals that the writ before this court, 2006 CW 2416, applied for emergency stay of the December 11, 2006 hearing. Although the writ application very briefly stated the history of the matter, including the filing and denial of the motions to enroll and for continuance, the matter before the court was for an emergency stay of the December 11, 2006 hearing only. We do not agree with defendants' assertion that plaintiffs have exhausted their options before this court. The denial of a writ application is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Diamond B Construction Company, Inc. v. Louisiana Department of Transportation and Development, 02-0573 (La. App. 1st Cir. 2/14/03), 845 So.2d 429, 434. Therefore, defendants' motion to dismiss the appeal is denied.
Based on the foregoing, we find that plaintiffs' appeal of the denial of the continuance is an interlocutory ruling subject to review upon appeal of the judgment on the merits. We find that the issue of the jurisdiction of the trial court to hear the motion for partial summary judgment is not properly before the court on the order for appeal of December 6, 2006. Therefore, this appeal is dismissed without prejudice, and this opinion issued in accordance with Uniform Rules Courts of Appeal, Rule 2-16.1.B. Costs of this appeal are assessed to plaintiffs, Gary Dowdy, Lenny Johnson and Dale Haydel.
DISMISSED WITHOUT PREJUDICE.
McCLENDON, J., concurs and assigns reasons.
Based on the facts presented in this case, I respectfully concur in the result.