804 So.2d 960 (2001)
ST. TAMMANY PARISH HOSPITAL
v.
Ted BURRIS.
No. 2000 CA 2639.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*961 Jason T. Olivier, Mandeville, LA, for plaintiff-appellee, St. Tammany Parish Hospital.
Carl A. Perkins, Covington, LA, for defendant-appellant, Ted Burris.
BEFORE: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
PARRO, Judge.
In this suit on an open account, the trial court entered a summary judgment against Ted Burris (Burris) in favor of the St. Tammany Parish Hospital (Hospital) in the amount of $19,457.22,[2] plus 25 percent in attorney fees and court costs. Burris appeals, contending that the Hospital failed to introduce sufficient evidence in support of its claim and thus the granting of a summary judgment was not warranted. For the following reasons, we reverse the trial court judgment and remand this case for further proceedings.

Facts and Procedural History
In its petition, the Hospital alleged that Burris was indebted to it for $19,547.22, which allegedly constituted the balance due on an account established for services *962 rendered and products delivered to his unnamed minor child, as evidenced by the statement of account attached as an exhibit to the petition. Also attached to the petition was a demand letter dated November 3, 1998. In its petition, the Hospital also sought attorney fees of 25 percent of the principal and interest pursuant to LSA-R.S. 9:2781.
In response to the Hospital's petition, Burris, in proper person, filed a pleading in letter form stating:
I am aware that this bill does [exist]. Since this time I have had open-heart surgery and have had major problem[s] after this surgery. I have no income and cannot pay this bill. Please find attached statement from my doctors and Family Support verifying this information is true. I am totally disable[d] and cannot function well enough to work. If there are any improvements or changes I will gladly contact you.
Attached to Burris' filing was a letter from the Louisiana Department of Health and Hospitals (DHH), acknowledging Burris' application for medical assistance for amounts he owed to the Hospital. DHH explained that Burris had to apply for Supplemental Security Income (S.S.I.) with the Social Security Administration before he could be eligible for Medicaid. Medical notes also attached to Burris' filing reveal that Burris suffered from heart disease and had a history of depression, anxiety, and panic attacks. One of his treating physicians opined that these conditions rendered him "completely disabled."
Subsequently, the Hospital filed a motion for summary judgment. Attached to its motion was an affidavit of correctness of account and a statement of account in the name of Burris from the Hospital. By the time of the scheduled hearing one and a half months later, no opposition had been filed by Burris. Although Burris did not have an attorney of record, he appeared with an attorney at the hearing. Without previously enrolling as counsel of record, the attorney with Burris informed the court that he had just been contacted by Burris over the weekend concerning representation and that he had not had an opportunity to examine the file or prepare any opposition to the Hospital's motion. Therefore, he sought a continuance on Burris' behalf, which was denied by the trial court. The attorney did not enroll, and Burris represented himself in proper person.
At the hearing, Burris acknowledged in his oral presentation that he was in the Hospital in September 1997. Rather than contesting the outstanding balance of the account, Burris urged his inability to pay as a defense to the Hospital's suit on open account. He explained that he was disabled prior to his 1997 admission to the Hospital, a fact which was arguably known to the Hospital at the time of his admission. He argued that his claimed disability was supported by the medical records from Lally Kemp and Charity Hospital of New Orleans. According to Burris, he began receiving S.S.I. benefits in approximately June 1999 for a disability dating back to 1994. The trial court found that his inability to pay based on an alleged disability was not a valid defense to the Hospital's suit on open account. Finding that the Hospital had satisfied its burden of proof by the affidavit of correctness and the statement of account, the trial court granted summary judgment in the Hospital's favor for $19,457.22, plus attorney fees of 25 percent of principal and interest. Burris appealed, contending that the trial court abused its discretion in failing to grant his motion for continuance and that the Hospital did not prove a prima facie *963 case so as to warrant the granting of summary judgment in its favor.

Continuance
Burris claims that the trial court erred in not granting a continuance. The trial court may grant a continuance on peremptory or discretionary grounds. LSA-C.C.P. arts. 1601 and 1602. There are only two peremptory grounds: 1) the party seeking the continuance, despite due diligence, has been unable to obtain material evidence; or 2) a material witness is absent without the contrivance of the party applying for the continuance. LSA-C.C.P. art. 1602. Burris does not contend, nor does the record reveal, that there were any peremptory grounds for a continuance in this case, and we find a continuance was not mandated by LSA-C.C.P. art. 1602.
Absent peremptory grounds, a continuance rests within the sound discretion of the trial court. Willey v. Roberts, 95-1037 (La.App. 1st Cir. 12/15/95), 664 So.2d 1371, 1374, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422. Article 1601 provides for a continuance "if there is good ground therefor." The trial court must consider the particular facts of a case when deciding whether to grant or deny a continuance. The trial court should consider the diligence and good faith of the party seeking the continuance and other reasonable grounds. The trial court may also weigh the condition of the court docket, fairness to the parties and other litigants before the court, and the need for orderly and prompt administration of justice. Our Lady of the Lake Hospital v. Vanner, 95-0754 (La.App. 1st Cir. 3/27/97), 692 So.2d 40, 42, writ denied, 97-1567 (La.9/26/97), 701 So.2d 992.
The trial court has great discretion in granting or denying a continuance under Article 1601, and its ruling should not be disturbed on appeal in the absence of a clear abuse of discretion. Sauce v. Bussell, 298 So.2d 832, 834 (La.1974). While the trial court's discretion to grant or deny a continuance is not absolute and may not be exercised arbitrarily, appellate courts only reluctantly interfere in such matters. Sevario v. State, Through Department of Transportation and Development, 98-1302 (La.App. 1st Cir. 11/10/99), 752 So.2d 221, 227, writ denied, 99-3457 (La.4/7/00), 759 So.2d 760, writs not considered, 99-3638 and 00-0044 (La.4/7/00), 759 So.2d 81 and 82.
Accordingly, we must review the trial court's denial of Burris' request to continue for abuse of discretion. The record shows that Burris filed an answer to the Hospital's petition in proper person approximately two weeks after the petition was filed. One year and one month later, the Hospital filed its motion for summary judgment, which was set for hearing a month and a half later. The record does not reveal that Burris made a diligent effort to obtain counsel during the fifteen-month period this suit was pending despite the fact that a hearing had been set in this matter. It was not until the eve or morning of the hearing on the Hospital's motion for summary judgment that Burris attempted to obtain representation. Because of his last minute attempt to engage an attorney, Burris claimed to need more time to oppose the Hospital's motion for summary judgment.
This court cannot simply review the record and decide whether we would have granted Burris a continuance under these circumstances and rescheduled the hearing. We can only overturn the trial court's decision if the record establishes a clear abuse of discretion. Having reviewed the entire record of these proceedings, we conclude the trial court did not abuse its discretion in requiring Burris to proceed.

*964 Burden of Proof

An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Jarrell v. Carter, 632 So.2d 321, 323 (La.App. 1st Cir.1993), writ denied, 94-0700 (La.4/29/94), 637 So.2d 467. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2); Rambo v. Walker, 96-2538 (La.App. 1st Cir. 11/7/97), 704 So.2d 30, 32. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The statement of account indicated that Ted Burris was indebted to the Hospital for $19,547.22, the amount alleged in Hospital's petition. The accuracy of this amount is verified by the affidavit of correctness.[3] The petition alleges that such indebtedness is on account of "goods, wares, merchandise and/or services" sold or delivered to "the minor child" of Burris as itemized and set forth in the statement of account. Nowhere in the record is the identity of the minor child disclosed. Although the statement of account identified the types of services rendered and products utilized during three hospital stays in 1997 (September 7-15, September 21-22, and November 17-19), it does not specifically identify who the patient was during these stays. It simply identifies "Ted Burris" as the account holder. Furthermore, there is no evidence to prove Burris' liability for the debt encountered on behalf of such minor child. Moreover, we note that the Hospital's petition has not been amended to assert that such "goods, wares, merchandise and/or services" were sold or delivered to someone other than Burris' minor child, in particular Burris himself. The absence of such proof as to the basis for imposing liability on Burris for services rendered and products delivered to another, in this court's opinion, gives rise to a genuine issue of material fact so as to preclude the granting of summary judgment.
Additionally, the recovery of attorney fees is authorized by LSA-R.S. 9:2781. A creditor's recovery of reasonable attorney fees in a suit on open account is contingent on proof that the debtor failed to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed. LSA-R.S. 9:2781(A). Concerning the delivery of written demand, LSA-R.S. 9:2781(B) provides:
If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished, along with the initials of the person attempting *965 delivery and making said notation may be introduced as evidence of written demand on the debtor. If the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor.
Although the demand letter was attached to the Hospital's petition, it was not attached to its motion for summary judgment. Nonetheless, in its judgment, the trial court noted that the entire record in the matter was offered into evidence at the hearing on the Hospital's motion for summary judgment. However, in its petition and memorandum in support of its motion, the Hospital indicated that delivery by certified mail of the demand letter was evidenced by the return receipt filed in the record. After a thorough review of the record, this court was unable to locate any such evidence. Accordingly, based on the proof offered in support of the Hospital's motion for summary judgment, we further conclude that the trial court erred in finding that the Hospital proved its entitlement to attorney fees under LSA-R.S. 9:2781.

Decree
For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal in the amount of $683.68 are assessed to the creditor, St. Tammany Parish Hospital.
Reversed and Remanded.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] All pleadings and evidence of record suggest that the proper amount owed was $19,547.22 rather than $19,457.22
[3] We render no decision as to the sufficiency of the affidavit of correctness that was given by the collection manager of the Interstate Collection Bureau, Inc. (Interstate), which was identified as the Hospital's duly authorized agent, in the absence of proof of such agency relationship.