STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0165

CITY OF BOGALUSA, LOUISIANA

VERSUS

LEON MOSES, ET AL.

Judgment Rendered: **APR 1 6 2021**

* * * * *

On Appeal from the
22nd Judicial District Court
Parish of Washington, State of Louisiana
Trial Court No. 113009

The Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * *

Dale E. Branch
Bogalusa, Louisiana

Attorney for Plaintiff-Appellee,
City of Bogalusa, Louisiana

Richard W. Watts
Franklinton, Louisiana

Attorney for Defendants-Appellees,
Tommy Ray Bass, Vondell Miley
Bass, James J. Cothern, Joyce Ann
Meserve Cothern, Earl J. Soulier, and
Boncille Miley Soulier

Barry W. Bolton
Bogalusa, Louisiana

Attorney for Defendant-Appellant,
Leon Moses

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

In this expropriation case, Leon Moses appeals a judgment rendered in favor of the City of Bogalusa, allowing it to expropriate land for a public purpose. We affirm.

## FACTS AND PROCEDURAL HISTORY

The City of Bogalusa, Louisiana, instituted this lawsuit to acquire unimproved Washington Parish property owned in part by defendant, Leon Moses. According to the City, the acquisition of the property is necessary to provide required clearance approaching an airport runway, and improve the safety of air traffic, at the Carr Memorial Airport owned by the City. The improvements to the runway approach are also necessary to comply with rules and regulations of the Federal Aviation Administration. After consulting professional engineers, land surveyors, real estate appraisers, and title examiners, the City attempted to negotiate the purchase of the property from Mr. Moses at an alleged fair market value price of $22,000.00. The City asserts that Mr. Moses was agreeable; however, the negotiations failed because Mr. Moses did not have a clear and merchantable title to the property. As a result, the City filed a petition for expropriation, pursuant to La. R.S. 19:101, *et seq.*, on January 10, 2019.

According to the trial court and the City, Mr. Moses was personally served with the petition and notice of the trial date. This court confirmed service after the clerk of court for the 22nd Judicial District Court (22nd JDC) supplemented the appellate record with the service returns. The record reflects that Mr. Moses was personally served with the petition and notice of the March 20, 2019 trial date on January 25, 2019. Additionally, in an order dated January 10, 2019, the trial court appointed an attorney *ad hoc* to represent the other potential co-owners of Mr. Moses's property. In the same order, a trial date was set for March 20, 2019, in accordance with the summary proceedings for trial in expropriation cases as outlined

2

in La. R.S. 19:106. Mr. Moses, through his attorney, filed an answer on February 4, 2019, generally denying that just compensation for his property was $22,000.00.

In a bench trial held on March 20, 2019, and a judgment rendered on the same date, the trial court found that the project to improve air safety at the airport was one of public necessity and interest. The trial court received evidence and heard testimony from the project engineer, the real estate appraiser, and the title abstractor. Also, the trial court denied an oral motion to continue made by Mr. Moses's attorney, who argued that he had not received notice of the trial until the day before the trial. Notably, the attorney did not deny that Mr. Moses had been personally served with the petition and notice. The trial court concluded that the City was entitled to expropriate the property as described in the petition and judgment, and found that the amount offered was fair. The trial court declared the City to be the owner of the property free and clear of all encumbrances, and ordered the City to deposit $22,000.00 into the registry of the 22nd JDC, with the funds to be dispersed upon further orders of the trial court. The City deposited the funds in accordance with the judgment on March 25, 2019, and notices of the judgment were mailed to all attorneys of record on March 26, 2019. Mr. Moses fax-filed a motion to reconsider judgment on March 28, 2019, and filed the original on April 1, 2019.[1] The trial court denied the motion to reconsider judgment on August 7, 2019. Thereafter, Mr. Moses

---

[1] A pleading is considered a motion for new trial if it requests a substantive modification of the judgment and is filed within the delays applicable to a motion for new trial. **Greene v. Succession of Alvarado**, 2015-1960 (La. App. 1st Cir. 12/27/16), 210 So.3d 321, 339. Mr. Moses's motion to reconsider judgment requested a modification of the judgment and was filed within seven days, exclusive of legal holidays, of the notice of judgment as required by La. Code Civ. P. art. 1974. Thus, Mr. Moses's pleading is properly construed as a motion for new trial since the Louisiana Code of Civil Procedure does not provide for a motion to reconsider with respect to any judgment. See **Harris v. Louisiana Department of Public Safety and Corrections**, 2019-1657 (La. App. 1st Cir. 8/3/20), 301 So.3d 211, 214. A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See La. Code Civ. P. art. 2083(C); **Hickman v. Exxon Mobil Corporation**, 2017-0235 (La. App. 1st Cir. 7/18/18), 255 So.3d 1097, 1101, writ denied, 2018-1463 (La. 11/20/18), 256 So.3d 996. However, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. **Id.**

filed a motion for devolutive appeal of the denial of his motion to reconsider. The order of appeal was signed on November 13, 2019.[2]

## LAW AND ANALYSIS

Essentially, Mr. Moses contends that notice of the trial date was insufficient to him and his attorney, and he contests the trial court's denial of his motion to continue the trial. After thoroughly reviewing the record, we find that the arguments presented by Mr. Moses lack merit. The trial court may grant a continuance on peremptory or discretionary grounds. La. Code Civ. P. arts. 1601 and 1602. There are only two peremptory grounds: (1) the party seeking the continuance, despite due diligence, has been unable to obtain material evidence; or (2) a material witness is absent without the contrivance of the party applying for the continuance. La. Code Civ. P. art. 1602. Mr. Moses does not contend, nor does the record reveal, that there were any peremptory grounds for a continuance in this case.

Absent peremptory grounds, a continuance rests within the sound discretion of the trial court. **St. Tammany Parish Hospital v. Burris**, 2000-2639 (La. App. 1st Cir. 12/28/01), 804 So.2d 960, 963. Article 1601 provides for a continuance "if there is good ground therefor." The trial court must consider the particular facts of a case when deciding whether to grant or deny a continuance. The trial court should consider the diligence and good faith of the party seeking the continuance and other reasonable grounds. The trial court may also weigh the condition of the court docket, fairness to the parties and other litigants before the court, and the need for orderly and prompt administration of justice. **St. Tammany Parish Hospital**, 804 So.2d at 963. The trial court has great discretion in granting or denying a continuance under

---

[2] On November 20, 2020, this court issued a rule to show cause as to whether this appeal was timely. The parties responded by briefs to the show cause order, and the record was supplemented on January 11, 2020, with a copy of the original documents filed into the record after fax filings. The documents verify that the motion to reconsider and the motion to appeal were timely. Thus, we recall our show cause order and maintain the appeal.

4

Article 1601, and its ruling should not be disturbed on appeal in the absence of a clear abuse of discretion. **Id**.

Accordingly, we review the trial court's denial of Mr. Moses's request to continue for abuse of discretion. The record shows that Mr. Moses engaged in negotiations regarding the City's purchase of his property prior to the City's filing of the expropriation suit. The City proceeded with the expropriation suit after learning that Mr. Moses's title to the property was not clear and merchantable. Mr. Moses and the attorney *ad hoc* appointed to represent the other possible co-owners were served with the lawsuit, along with the order fixing the trial date. Mr. Moses did not have an attorney of record at the time of service. The notice of the trial date, together with a certified copy of the City's petition, are required to be served on the defendant at least thirty days before the time fixed for the trial of the suit. See La. R.S. 19:106. The record reflects that the petition and order fixing the trial date were filed on January 10, 2019. Mr. Moses was personally served on January 25, 2019, well before the trial date of March 20, 2019. Mr. Moses engaged an attorney, and an answer was filed on his behalf on February 4, 2019.[3] The record does not reveal, other than filing an answer generally objecting to the value offered for the property, that Mr. Moses and his attorney made a diligent effort to obtain a different appraisal before the trial date. The trial court noted that expropriation cases proceed expeditiously, that the funds offered by the City would be deposited in the registry of the court, and that Mr. Moses and other owners could dispute the amount offered up to two years after the City actually occupied and used the property for the purpose

---

[3] The appellate record was supplemented with the service returns for Mr. Moses and the trial court noted that service was completed, and that Mr. Moses was personally served with the trial date. Furthermore, Mr. Moses's complaints about service of process are required to be raised in a declinatory exception pleaded prior to or along with his answer. See La. Code Civ. P. art. 928. Mr. Moses's answer does not raise any issue regarding the sufficiency of service of process. Thus, the issue is considered waived since Mr. Moses made a general appearance by filing his answer. See La. Code Civ. P. art. 925(A)(2) and (C).

5

of the expropriation. <u>See</u> La. R.S. 19:103(B). Because Mr. Moses has another remedy to contest the just compensation offered for his property or complain of any damages caused by the expropriation, we find that the trial court did not abuse its discretion in denying the motion to continue or in conducting the order and timing of this expropriation trial.

## CONCLUSION

For the assigned reasons, we recall our show cause order and maintain the appeal. Additionally, we affirm the trial court's judgment and denial of the motion to reconsider the judgment in all respects. All costs of this appeal are assessed to Leon Moses.

**RULE TO SHOW CAUSE RECALLED; APPEAL MAINTAINED; AND JUDGMENT AFFIRMED.**