702 So.2d 1043 (1997)
Jeannine N. CONNALLY, et al., Plaintiffs-Appellees,
v.
Pierre R. NEVILS, Defendant-Appellant.
No. 97-569.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
*1044 Robert M. McHale, Lake Charles, for Jeannine N. Connally, et al.
A.J. Gray, III, Lake Charles, for Pierre R. Nevils.
Before SAUNDERS, PETERS and AMY, JJ.
AMY, Judge.
Defendant appeals from a judgment partitioning property between its co-owners, alleging that said judgment is contrary to the law because the division would diminish the value of the property and would cause loss or inconvenience to him, one of the co-owners. Because we note that the trial court failed to follow the procedural dictates for execution of a judicial partition in kind, we reverse its judgment and remand the matter for further proceedings in accordance with the views expressed in this opinion.

DISCUSSION OF THE RECORD
Plaintiffs, Jeannine Nevils Connally, Mary E. Nevils Williams, and Ouida Nevils Savant, each owning an undivided one-eighth interest in approximately eighty acres of land, in Allen Parish, Louisiana, instituted proceedings seeking a partition in kind. Pierre R. Nevils, the plaintiffs' brother who owned the remaining five-eighths undivided interest, was named as the defendant.[1]
The property in question, which consists of road frontage, river bottom and pastures, was described in plaintiffs' petition for partition as:
A tract of land and all of the improvements thereon, if any, described as the South Half of the Northeast Quarter of Section 10 in Township 7 South, Range 6 West, Louisiana Meridian, Allen Parish, Louisiana.
and

*1045 A tract of land and all of the improvements thereon, if any, described as the Southwest Quarter of the Southwest Quarter of the Northeast Quarter of Section 11, Township 7 South, Range 6 West, Louisiana Meridian, Allen Parish, Louisiana.
On January 13, 1995, during a hearing on the merits, the parties entered into a joint stipulation. As will be discussed later in this opinion, the parties stipulated that the property in question was capable of being divided without loss of value or inconvenience to the co-owners. As such, the trial judge, accepting opinion, the parties' stipulation, only considered how the property would be divided among the co-owners, not whether the property was susceptible to partition in kind. At trial, each side submitted a proposed partition of the property whereby the land was divided into four parcels with each co-owner receiving a specific section of land. The trial judge, adopting the defendant's proposal, rendered judgment on February 8, 1995.
In response, the plaintiffs filed a Motion for New Trial, arguing that "[b]y awarding to the plaintiffs narrow strips of land, one of which is approximately 160 feet by 2,673.8 feet, the court has not only caused plaintiffs great inconvenience but, also a diminution of the value of the property." The trial court granted Plaintiffs' motion and allowed additional expert testimony "concerning the value of the property and desirability of each plan of partition." After hearing additional expert testimony, the trial court reversed its decision and adopted the plaintiffs' proposed division of the property.
Defendant appeals assigning the following trial court errors: (1) the judicial partition in kind resulted in Defendant receiving property without sufficient road frontage; (2) trial court improperly considered other property owned by Defendant when partitioning subject land; (3) trial court partitioned property based upon the incorrect assumption that Defendant had access to subject property through adjoining property he independently owned; (4) partition resulted in Defendant receiving an irregularly shaped disproportionate amount of lower valued river bottom while Plaintiffs received a disproportionate amount of the higher valued road frontage; and, (5) if Defendant's proposed division caused a diminution of value in the property as a whole, the trial court should have ordered a partition by licitation because Plaintiffs' proposal resulted in irregularly shaped land without sufficient access causing him inconvenience or loss.

LAW
From the record it is evident that a stipulation was entered into by the parties before the start of testimony at trial. Unfortunately, there also appears to have been a problem during the transcription process because the first two provisions of the stipulation were "inaudible."[2] The courts of this state have recognized that where a record on appeal is deficient for any reason, it is the responsibility of the appellant to remedy the problem. If the appellant fails to provide for the additional information to complete the record, a presumption exists that the recitation of facts by the trial judge is accurate and his judgment is supported by competent evidence. Huffman v. Idora, Inc., 603 So.2d 267 (La.App. 5 Cir.1992); Leonard v. Stephens, 588 So.2d 1300 (La. App. 2 Cir.1991); Laborade v. Velsicol Chemical Corp., 474 So.2d 1320 (La.App. 3 Cir. 1985), writs denied, 480 So.2d 738 (La.1986). A stipulation, as long as it does not "affect the powers, duties and prerogative of the court[,]" serves as a judicial admission that binds both the parties and the court when not in derogation of the law. Cotton v. Gaylord Container, 96-1958, 96-2029, 96-2049, p. 12 (La.App. 1 Cir. 3/27/97); 691 So.2d 760, 768. While a stipulation regarding factual matters is binding on the parties, a stipulation involving a question of law is ignored since it is for the courts to construe law. Id. *1046 While we regard the question of whether property can be partitioned in kind better described as a mixed question of law and fact, we are bound by the Louisiana Supreme Court's decision in Green v. Small, 227 La. 401, 79 So.2d 497 (1955), which pronounced that "[w]hether land should be divided in kind or by licitation is a question of fact to be decided by the judge before whom the partition proceedings are tried." See also Loupe v. Bybee, 570 So.2d 31 (La.App. 3 Cir.1990), writ denied, 572 So.2d 94 (La.1991). Therefore, accepting as noted in the trial court's reasons for judgment that the parties stipulated that the land was susceptible to being divided, we must review the correctness of the process by which the judicial partition in kind was executed.
The law clearly provides for two methods of partition: (1) conventional or by agreement of the co-owners; and (2) judicial. See La.Civ.Code art. 809. In the present case, because all co-owners in indivision were unable to reach an agreement, the plaintiffs sought judicial intervention. As such, the trial court was required to heed the dictates of the Louisiana Civil Code and the Louisiana Code of Civil Procedure in the area of judicial partition. La.Civ.Code arts. 801, et seq. and La.Code Civ.P. arts. 4601, et seq.
In the often cited supreme court opinion of Tri-State Concrete Co., Inc. v. Stephens, 406 So.2d 205 (La.1981), our highest court addressed the subject of judicial partition. In Tri-State Concrete Co., Inc., Justice Marcus, writing for the majority, summarized the applicable law as follows:
No one can be compelled to hold property with another; a division of a thing held in common may be demanded by the action of partition. La.Civ.Code arts. 1289 and 1308. The general rule is that partition in kind is favored over partition by licitation. Unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind. La.Civ.Code art. 1339;[3] La.Code Civ.P. art. 4606. Property cannot be conveniently divided when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it. La.Civ.Code art. 1340.[4] The burden of proof is on the party seeking partition by licitation to prove that the property cannot be divided in kind. Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959); National American Bank of New Orleans v. Cleveland, 273 So.2d 848 (La.App. 4th Cir.), writ refused, 276 So.2d 701 (La.1973).

In order to effect a partition in kind, the property must be divided into lots of equal or nearly equal value. It is the function of experts to form the lots of equal or nearly equal value. It is the function of experts to form the lots which thereafter must be drawn by chance, and not selected, by the co-owners. It is not within the power or province of the judge or the experts to suggest that a certain part or parts of the property be set apart or allocated to one of the co-owners. There must be as many lots as there are shares or roots involved. [Citations omitted].

Id. at 207-08 [Emphasis and footnotes added]. Also, this court in Builliard v. Bienvenu, 95-297, p. 5 (La.App. 3 Cir. 10/4/95); 663 So.2d 373, 375, held it was error where "property was never divided into lots of equal value, equal to the lowest common denominator of ownership ... [and][t]he allocation of the property was not made by the drawing of lots."
In the present case, the trial court, after both the original trial and the limited new trial, failed to have the experts divide the property into eight lots of equal or nearly equal value. After such lots are established, the co-owners draw lots by chance, not as assigned by the trial court, the experts, or the co-owners themselves. As such, the co-owners' stipulation for one particular plaintiff to receive the parcel containing a house and that the defendant would receive the parcel adjacent to other property he owns, is not binding on the trial court because such stipulation *1047 is in derogation of the law. Therefore, the trial court's failure to follow the mandated procedure is an error of law which requires that its judgment be reversed and the case remanded.
Accordingly, we find Defendant's assignment of errors moot and remand this case to the district court for proceedings consistent with this opinion. On remand, to effectuate a partition in kind, the trial court shall cause the property to be divided into eight lots of equal or nearly equal value, from which Defendant will draw by chance five times and his three sisters, the plaintiffs, will draw one lot each. If the trial court discovers that the subject property cannot be divided into eight lots of equal or nearly equal value without diminution of the property or inconvenience or loss to one of the owners, at that time the trial court shall reject the parties' stipulation and order a partition by licitation. La.Civ. Code art. 811.

DECREE
For the reasons assigned, the judgment of the trial court is reversed and the matter is remanded for additional proceedings in accordance with the views expressed herein. All costs are to be shared equally between the co-owners.
REVERSED AND REMANDED.
NOTES
[1] Defendant, like his sisters, inherited an undivided one-eighth interest from his mother and father. Then, by separate cash deeds, Defendant purchased undivided one-eighth interests from four other siblings. Therefore, the defendant is the owner of an undivided five-eighths interest in this property.
[2] The transcript of the stipulation appears as follows:

(Inaudible) that in the partition of the property that Mr. Nevils desires property contiguous to his property that he owns next to this property. Three, that Mary Williams, the part that she would receive, would also receive the house for which a total considershe would be paid $8,000.00, $5,000.00 being paid to Pierre Nevils and $1,000.00 to each of her sisters....
[3] La.Civ.Code art. 1339 was repealed by Acts 1991, No. 689, § 1. However, the principle expressed within was codified in La.Civ.Code art. 811.
[4] La.Civ.Code art. 1340 was repealed by Acts 1991, No. 689, § 1. However, the principle expressed within was codified in La.Civ.Code art. 810.