# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 07-1192


**CLARENCE LAVAUGHN COOPER, ET UX.**

**VERSUS**

**KAREN KAY TRAVIS BUXTON**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2002-1050
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.



**REVERSED AND REMANDED.**



**Clarence L. Cooper**
**Attorney at Law**
**P. O. Box 40369**
**Houston, TX 77240-0369**
**(713) 656-5370**
**Counsel for Plaintiffs/Appellants:**
**Clarence L. Cooper**
**Linda May Cooper**

**Karen Kay Travis Buxton**
**In Proper Person**
**141 Buxton Loop**
**Merryville, LA 70653**
**Counsel for Defendant/Appellee:**
**Karen Kay Travis Buxton**

**Karen Kay Travis Buxton**
**In Proper Person**
**141 Buxton Loop**
**Merryville, LA 70653**
**Counsel for Defendant/Appellee:**
**Karen Kay Travis Buxton**

**Ezell, Judge.**

This is an appeal from a judgment in which the trial court ordered that property be partitioned in kind. Clarence and Linda Cooper, husband and wife, claim the trial court erred in not ordering that the property be partitioned by licitation. For the following reasons, we reverse and remand.

### FACTS

The property at issue is located in Beauregard Parish and contains 160 acres, more or less. On November 25, 2002, the Coopers filed suit seeking partition of the property by licitation. The Coopers filed a motion for summary judgment on March 22, 2007. They claimed the property was incapable of being partitioned in kind and must be partitioned by licitation.

The motion for summary judgment was denied, and the case proceeded to trial on May 22, 2007. At the time of the hearing, the Coopers owned 35.80357% of the property and Karen Buxton owned 64.19643% of the property. The trial court determined that the property could be partitioned in kind and appointed a notary to conduct the partition. The Coopers appealed the trial court judgment.

### PARTITION

Pursuant to La.Civ.Code art. 807 "[n]o one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act." "Any co-owner has a right to demand partition of a thing held in indivision." *Id*. In the absence of an agreement among the co-owners, a co-owner may demand a judicial partition. La.Civ.Code art. 809. Generally, a partition in kind is favored over a partition by licitation. La.Civ.Code art. 810; *Tri-State Concrete Co., Inc. v. Stephens*, 406 So.2d 205 (La.1981). "Property cannot be conveniently divided when a diminution of its value, or loss or inconvenience for one of the owners, would be

1

the consequence of dividing it." *Id.* at 207. The party seeking partition by licitation has the burden of proving that the property cannot be divided in kind. *Id.*; *McNeal v. McNeal*, 98-1586 (La.App. 3 Cir. 3/31/99), 732 So.2d 663. The decision of whether to divide property in kind or by licitation is a question of fact to be decided by the trial court. *Connally v. Nevils*, 97-569 (La.App. 3 Cir. 10/29/97), 702 So.2d 1043 (quoting *Green v. Small*, 227 La. 401, 79 So.2d 497 (1955)).

The Coopers allege that the trial court totally ignored the evidence in the case about the surface nature of the property and disregarded the law on judicial partition. Pursuant to La.Civ.Code art. 810,

> "[t]he court shall decree partition in kind when the thing held in indivision is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision."

The evidence at trial indicated that the land is mostly marsh and suitable for timber and hunting only. Access from a public road is limited to some areas of the land. There is no access to a third of the land which is situated east of the creek that runs through the land. When there are heavy rains, the creek backs up to the middle portion of the tract. Photographs of the property indicated this to be the situation on the property.

Based on this evidence, we find that it would be impossible to divide the land into parts of equal value. Under the mandates of the law, we find that the Coopers established that the 160 acres is only divisible by licitation.

For the reasons set forth in this opinion, we reverse the judgment of the trial court ordering a partition in kind. We order a partition by licitation in accordance with the law. This action is remanded to the district court for further proceedings. Costs of this appeal are to be borne by the parties in proportion to their respective

2

interests in the property.

**REVERSED AND REMANDED.**

3