# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-1458**


**FLORENCE E. FESSLER**

**VERSUS**

**MARY A. BRUMFIELD**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 80,267, DIVISION A
HONORABLE VERNON B. CLARK, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**OSWALD A. DECUIR**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

**Clay Williams**
**Attorney at Law**
**202 W. North Street**
**Leesville, LA 71446**
**(337) 238-4707**
**Counsel for Defendant/Appellant:**
    **Mary A. Brumfield**

**C. Anthony Eaves**
**Attorney at Law**
**100 South Third Street, Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff/Appellee:**
    **Florence E. Fessler**

**DECUIR, Judge.**

Appellant, Mary Brumfield, appeals a judgment of the trial court granting the petition of her sister, Florence Fessler, for partition by licitation of certain immovable property. For the reasons that follow, we affirm.

## FACTS

In 2004, sisters Florence Fessler (Fessler) and Mary Brumfield (Brumfield) both became widows. With Christmas approaching, Fessler invited Brumfield to come down from her home in Missouri and visit with her in Leesville, Louisiana. Brumfield did so, and, while in Louisiana, she required hip surgery, stomach surgery, and treatment for shingles. Fessler cared for Brumfield during her recovery. During that period, the sisters concocted a plan to purchase a house located at 806 Pinckney Drive in Leesville, Louisiana. The house in question was next door to the home where Fessler lived with her son and daughter-in-law.

It appears that the sisters agreed that Brumfield would sell her home in Missouri and purchase the house at 806 Pinckney in both parties' names, and, in return, Fessler would care for Brumfield for the rest of her life. There is some dispute whether the agreement also required that Fessler pay utilities for the residence. In early 2005, Fessler was scheduled to begin work at a new job so that she could pay off a van she had purchased to accommodate her deceased husband's wheelchair. Brumfield paid off the van so that Fessler could accompany her to Missouri to prepare her home for sale and to help care for her.

Two and one-half years later, the sisters returned to Leesville and executed their plan to purchase the property at 806 Pinckney. The deed lists both Brumfield and Fessler as owners. In the summer of 2007, shortly after the sisters took up residence in their new home, they became involved in an altercation. The police were

called, and Brumfield was taken to the hospital for a mental evaluation at Fessler's request. Believing her sister to be mentally unstable, Fessler utilized the power of attorney previously granted to Brumfield to transfer certain funds belonging to Brumfield to accounts in Fessler's name. The bank notified Brumfield, and the funds were returned. Fessler's power of attorney was revoked.

In addition, Brumfield denied Fessler access to the home and obtained a restraining order against her. Fessler, in turn, had the utilities, which were in her name, shut off. Unable to reconcile with Brumfield, on September 23, 2008, Fessler filed a petition to partition the property at 806 Pinckney.

The trial court granted the partition by licitation. Brumfield lodged this appeal.

**DISCUSSION**

Brumfield assigns as error the trial court's failure to consider both conditions to be performed by Fessler in consideration for the contract entitling her to partial ownership of the house, and in finding that Brumfield made the performance of the conditions impossible. Stated more succinctly, the issue raised by these allegations is whether the trial court erred in ordering the property at 806 Pinckney to be partitioned by licitation.

This court, in *Cooper v. Buxton,* 07-1192, pp. 1-2 (La.App. 3 Cir. 4/2/08), 979 So.2d 1291, 1292, said:

> Pursuant to La.Civ.Code art. 807 "[n]o one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act." "Any co-owner has a right to demand partition of a thing held in indivision." *Id.* In the absence of an agreement among the co-owners, a co-owner may demand a judicial partition. La.Civ.Code art. 809. Generally, a partition in kind is favored over a partition by licitation. La.Civ.Code art. 810; *Tri-State Concrete Co., Inc. v. Stephens*, 406 So.2d 205 (La.1981). "Property cannot be conveniently divided when a diminution of its value, or loss or inconvenience for one of the owners, would be the consequence of

2

dividing it." *Id*. at 207. The party seeking partition by licitation has the burden of proving that the property cannot be divided in kind. *Id*.; *McNeal v. McNeal*, 98-1586 (La.App. 3 Cir. 3/31/99), 732 So.2d 663. The decision of whether to divide property in kind or by licitation is a question of fact to be decided by the trial court. *Connally v. Nevils*, 97-569 (La.App. 3 Cir. 10/29/97), 702 So.2d 1043 (quoting *Green v. Small*, 227 La. 401, 79 So.2d 497 (1955)).

Our review of the trial court's findings, therefore, is governed by the manifest error standard of review. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Id.* Under the manifest error standard, the linchpin is whether the trial court's findings are reasonable; in other words, if there is a reasonable factual basis for the trial court's finding, even if the appellate court feels its own evaluation of the evidence is more reasonable, the trial court's findings cannot be reversed. *Lewis v. State, Through the Department of Transportation and Development*, 94-2370 (La.4/21/95), 654 So.2d 311.

In this case, Brumfield does not contest that the property cannot be divided in kind. Instead, she argues that Fessler failed to meet the conditions of their prior oral agreement regarding the property and, therefore, is not an owner. Specifically, she alleges that the trial court erred in failing to find that Fessler breached a condition of their agreement when she cut off utilities and in finding that Brumfield prevented Fessler from completing the condition of lifetime care.

"As a general rule, parol evidence is inadmissible to vary, modify, explain, or contradict a writing." *Guidry v. Hedburg*, 98-228, p. 5 (La.App. 3 Cir. 11/4/98), 722

3

So.2d 1036, 1039.  However, there are limited circumstances where parol evidence will be admissible.  Louisiana Civil Code Article 1848 provides:

> Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent valid oral agreement.

While it does not appear that Brumfield's assertions meet the criteria of Article 1848, the trial court considered evidence of the prior agreement between the sisters. Nevertheless, the court concluded that the partition by licitation was warranted and that the proceeds should be distributed as described in the deed.  This is a factual finding of the trial court and is, therefore, entitled to deference from this court.  We find no manifest error in the trial court's determination.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  All costs of these proceedings are taxed to appellant, Mary Brumfield.

**AFFIRMED.**

4