NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**11-1447**


STEVEN PAUL PESSON

VERSUS

HEATHER DIETERICH



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-18756
HONORABLE PENELOPE RICHARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.


**AFFIRMED; SANCTIONS DENIED.**


**Henry R. Liles**
**Attorney at Law**
**940 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-8529**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Steven Paul Pesson**

**Heather Dieterich**
**In Proper Person**
**3022 Weil Drive**
**Sulphur, LA 70663**
**(337) 912-8862**

**DECUIR, Judge.**

Steven Pesson appeals a trial court judgment granting Heather Dieterich's exception of no cause of action and dismissing his petition for declaratory judgment and unjust enrichment.

## FACTS

Pesson and Dieterich had a long-term intermittent relationship over some sixteen years. In 2005, Pesson received a $1.3 million personal injury settlement. In 2009, Pesson became interested in purchasing a lot at the end of Hebert Camp Road in Big Lake. Agreement was reached with the sellers, Craig and Karen Holston, at a price of $250,000.00. On February 12, 2009, Pesson, Dieterich and the Holstons executed a Cash Deed transferring the property from the Holstons to Dieterich as sole vendee. Pesson witnessed the sale together with Russell Tauzin before a notary, and Pesson provided a check for the purchase price. Dieterich was allegedly listed as vendee so that a homestead exemption could be claimed on the property since Pesson already owned a home. The cash deed was recorded in the public records the following day.

In August of 2010, Pesson ended the parties' relationship allegedly upon finding that Dieterich lost $10,000.00 of Pesson's funds in online gambling. Pesson alleges that Dieterich removed an additional $280,000.00 from various bank accounts and refused to transfer the property on Hebert Camp Road into his name when requested.

Pesson filed suit seeking declaratory judgment declaring him owner of the Hebert Camp Road property and ordering Dieterich to execute the necessary documents to have the property titled in his name. In the alternative, Pesson's petition sought damages for unjust enrichment. Dieterich filed exceptions of no

right and no cause of action. Pesson amended his petition to allege the cash deed was an absolute simulation.

The trial court granted Dieterich's exception of no cause of action. Pesson lodged this appeal.

## DISCUSSION

Pesson alleges three assignments of error which are really one. The trial court erred in granting the exception of no cause of action because it did not allow parol evidence, the sale was a simulation, and Dieterich was unjustly enriched. Pesson is incorrect on all points.

In *Fessler v. Brumfield*, 09-1458, pp. 3-4 (La.App. 3 Cir. 5/5/10), 37 So.3d 522, 525, this court reiterated:

> "As a general rule, parol evidence is inadmissible to vary, modify, explain, or contradict a writing." *Guidry v. Hedburg*, 98-228, p. 5 (La.App. 3 Cir. 11/4/98), 722 So.2d 1036, 1039. However, there are limited circumstances where parol evidence will be admissible. Louisiana Civil Code Article 1848 provides:
>
> > Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent valid oral agreement.

In this case, Pesson argues that the sale was an absolute simulation and, therefore, parol evidence should have been allowed. "A simulation is absolute when the parties intend that their contract shall produce no effects between them. That simulation, therefore, can have no effects between the parties." La.Civ.Code art. 2026. Pesson was not a party to the cash deed, therefore, the question of simulation does not establish a cause of action for him against Dieterich.

The trial court properly found that parol evidence was inadmissible.

2

However, parol ". . . is insufficient to create a title in one who never owned the property or to show that the vendee was in reality some other person than the person named in the act of sale." *Scurto v. LeBlanc*, 191 La. 136, 184 So. 567 (1938); *Ceromi v. Harris*, 187 La. 701, 706, 175 So. 462, 464 (1937). This rule applies whether the party proffering the parol is an heir of the alleged vendee, *Eberle v. Eberle,* 161 La. 313, 317, 108 So. 549, 551 (1926), or a creditor of the alleged vendee, *Hoffmann v. Ackermann*, 110 La. 1070, 1076, 35 So. 293, 295 (1903).

*Mitchell v. Clark*, 448 So.2d 681, 685 (La.1984).

Finally, Pesson fails to state a cause of action for unjust enrichment. "A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term 'without cause' is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law." La.Civ.Code art. 2298.

## DECREE

For the foregoing reasons the judgment of the trial court is affirmed. The defendant's request for sanctions for frivolous appeal is denied. All costs of these proceedings are taxed to appellant, Steven Pesson.

**AFFIRMED; SANCTIONS DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.