# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-1122


**JAMES STEVEN BROUSSARD**

**VERSUS**

**STUTES FARMS, LLC**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-18885
HONORABLE PENELOPE QUINN RICHARD, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**MARC T. AMY
JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and James T. Genovese, Judges.


**AFFIRMED.**


**Skipper M. Drost**
**One Lakeshore Drive, Suite 100**
**Lake Charles, LA   70629**
**(337) 436-4546**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Stutes Farms, LLC**

**Rick J. Norman, Jr.**
**Norman Business Law Center**
**145 East Street**
**Lake Charles, LA   70601**
**(337) 436-7787**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James Steven Broussard**

**AMY, Judge.**

The parties are owners in indivision of property in Cameron Parish used for duck hunting. Upon petition for partition of the property, the trial court ruled in favor of the plaintiff, finding that the property must be partitioned by licitation. The defendant appeals, asserting the trial court erred in failing to order that the property be partitioned in kind. For the following reasons, we affirm.

## Factual and Procedural Background

The parties, James Steven Broussard and Stutes Farms, LLC, are the owners in indivision of two parcels of coastal marsh property in Cameron Parish. The parties stipulated to the property descriptions, to their respective ownership interest in the two tracts, and to the fact that the highest and best use of the property is duck hunting.

The first tract at issue is a five-acre[1] parcel, owned ½ by the plaintiff and ½ by the defendant. The second tract, a 120-acre[2] parcel, is owned 3/8ths by the plaintiff and 5/8ths by the defendant. Rex Stutes, a member of Stutes Farms, LLC, as were his father and brother, testified that Stutes Farms purchased its interest in

---

[1] The five-acre tract is described as follows in the parties' stipulated exhibit:

The East Half of the Northwest Quarter of the Northwest Quarter of the Northwest Quarter ( E ½ of NW ¼ of NW ¼ ) of Section Seven (7), Township Fifteen (15) South, Range Fourteen (14) West; [the interest of Vendors stated as one-forth (sic) (1/4)]; total acreage of Tract is five (5) acres.

Located in Cameron Parish, Louisiana, including any improvements located thereon.

[2] The 120-acre tract is described as follows in the parties' stipulated exhibit:

The East Half of the Southeast Quarter (E ½ of SE ¼ ) and the East Half of the West Half of the Southeast Quarter (E ½ of W ½ of SE ¼ ) of Section Six (6), Township Fifteen (15) South, Range Thirteen (13) West; [the interest of Vendors stated as one-forth [sic] (1/4)]; total acreage of Tract is one hundred-twenty (120) acres.

Located in Cameron Parish, Louisiana, including any improvements located thereon.

the property in 2009 for hunting and recreation purposes. Mr. Stutes explained that, shortly thereafter, Mr. Broussard acquired his own interest in the property and sought to purchase the Stutes Farms' interest.

After Stutes Farms declined Mr. Broussard's offer, Mr. Broussard filed a petition for judicial partition, seeking to have the court partition the property by licitation. In opposition, Stutes Farms sought to have the property partitioned in kind. At trial, the parties presented testimony as to whether partition by licitation was possible for the parties' common intended use of the property as an area for duck hunting. Mr. Stutes testified that, if the property was partitioned in kind, his group would agree to provide a right-of-way, if necessary, for the plaintiff to access his property. Ultimately, however, the trial court found in favor of Mr. Broussard, concluding that he "met his burden of proof that the property cannot be divided in kind without diminishing its value and without inconveniencing the parties, and that the division of the property must be by licitation."

Stutes Farms appeals, assigning the following as error:

1.    The Trial Court erred in ruling that the property was to be partitioned by licitation, as there is a presumption under the law that a property must be partitioned in kind and the plaintiff did not offer evidence to defeat the presumption.

2.    The Trial Court erred in ruling that the property was indivisible by nature and cannot be conveniently divided and therefore must be partitioned by licitation, to be partitioned by licitation.

**Discussion**

*Ownership in Indivision*

The parties in this case own the subject property in indivision. Louisiana Civil Code Article 797 defines this type of ownership as the "[o]wnership of the same thing by two or more persons[.]" However, La.Civ.Code art. 807 provides

2

that "[n]o one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act." Thus, "[a]ny co-owner has a right to demand partition of a thing held in indivision." *Id.* In the event the co-owners do not agree on the mode of partition, "a co-owner may demand judicial partition." La.Civ.Code art. 809.

In such an event, La.Civ.Code art. 810 provides that "[t]he court shall decree partition in kind when the thing held in indivision is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision." *See also* La.Code Civ.P. art. 4606 (providing that: "Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind.")

Otherwise, La.Civ.Code art. 811 requires partition by licitation as follows:

> When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares.

In light of the favor afforded partition in kind, a party seeking partition by licitation has the burden of proving that the property cannot be divided in kind. *Tri-State Concrete Co., Inc. v. Stephens*, 406 So.2d 205 (La.1981). *See also Cooper v. Buxton*, 07-1192 (La.App. 3 Cir. 4/2/08), 979 So.2d 1291. A trial court's decision as whether to divide property in kind or by licitation is a question of fact and is, thus, governed on appeal by the manifest error standard of review. *Fessler v. Brumfield*, 09-1458 (La.App. 3 Cir. 5/5/10), 37 So.3d 522.

*Merits*

Referencing the law's preference for a partition in kind, Stutes Farms challenges the trial court's determination that the property is not susceptible to a partition in kind. Pointedly, Stutes Farms argues that the ultimate factor in any partition is whether the property can be divided into shares of nearly equal value. *See* La.Civ.Code art. 810. Here, Stutes Farms argues, the plaintiff did not offer testimony regarding the "value" of the property if it were divided.

Having reviewed this matter, we find no manifest error in the trial court's conclusion that the property at issue is not susceptible to partition in kind. Importantly, and per the parties' stipulation, the highest and best use of the coastal marsh property is for duck hunting. This acknowledged use is reflected in the nature of the evidence presented by the parties at trial.

As described by Charles Hebert, the plaintiff's expert as to the property's title, location, and topography, the property is rectangular in shape, "[a] little longer north and south than it is east and west." Mr. Hebert explained that a ridge, that serves as the sole access to the area, "runs almost down the middle[.]" He further stated that "there's marsh to the north of the ridge . . . and deeper marsh to the south of the ridge." Mr. Hebert testified that marsh to the north of the ridge is "grown up a good part of the year" and is "dry a good part of the year." Mr. Hebert opined that the property south of the ridge is the tract's "'good hunting'". Given this division, Mr. Hebert explained that the northern portion of the property is not "worth" as much as the southern portion of the property for the use of duck hunting.

Similarly, Ernest Carol Trahan, who the trial court accepted as an expert in drainage and hunting, testified that he had "worked" the area his entire life, was

familiar with the property's drainage, and was perhaps more familiar with the property than anyone else. Mr. Trahan explained that flood gates in the area held the marsh at a level where the area to the north of the ridge stays "pretty dry." Mr. Trahan further confirmed that, in its current state, that area has an overgrowth of bulrushes, causing a lack of open space for water on which ducks can land. Mr. Trahan stated that removing the vegetation would likely be a continuing maintenance issue. The area to the south, however, has deeper marsh and is suitable for hunting. However, and in light of the differences between the northern and the southern portions of the property, Mr. Hebert denied that it would be possible to divide the property in a way that would permit both parties to hunt on their respective portion. Rather, he explained that the sounds associated with more than one hunting party on such limited acreage would interfere with the ability to hunt. On this point, Mr. Hebert also testified that the acreage would not support multiple hunting parties. Instead, he recommends a minimum of 150 acres per duck blind. The property at issue in this case was comprised of 125 acres, undivided.

In this sense, we find no merit in Stutes Farms' assertion that the plaintiff did not present evidence as to the property's "value" in a state of division rather than in a state of indivision. While not monetized, the plaintiffs' witnesses very clearly testified as to the approximate value of potential lots for the intended use, i.e., duck hunting. Given the plaintiff's expert's testimony regarding the size and distinct topographical features of the acreage, the trial court permissibly concluded that Mr. Broussard met his burden of proving that "the property cannot be divided in kind without diminishing its value."

Additionally, the record supports the trial court's further determination that the property cannot be divided without "inconveniencing the parties[.]" *See* La.Code Civ.P. art. 4606. Even assuming that the property could be divided along a north/south boundary, which would give each party access to a portion of the property now suitable for hunting, the trial court correctly recognized that the party receiving the easterly portion would only be able to access that property through a right-of-way over the other's property. Stutes Farms' suggests that such an arrangement would be accomplished either by agreement or by operation of La.Civ.Code art. 694.[3] However, even assuming that such a passage was possible, testimony reflected that the parties would have to resolve related matters of insurance and maintenance for that access road. Additionally, and although not focused upon by Stutes Farms' in its brief, evidence was presented that, given the relative acreage at issue, parties hunting on the property at the same time were required to at least informally coordinate their hunting sites with one another. Such a requirement, between distinct property owners who were each using the property for duck hunting, could permissibly be viewed as a matter of inconvenience. Accordingly, we do not disturb the trial court's additional determination that a partition in kind would inconvenience the parties in their desired use of their respective lots.

---

[3] Louisiana Civil Code Article 694 provides:

When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road or utility, and even if the act of alienation or partition does not mention a servitude of passage.

For these reasons, and given the unique, designated use of this property, we find no manifest error in the trial court's order that the subject acreage be partitioned by licitation.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  Costs of this proceeding are assigned to the defendant-appellant, Stutes Farms, LLC.

**AFFIRMED.**