# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1085


**FRANK L. MAXIE & JACQUELINE MAXIE**

**VERSUS**

**HARMIE MAXIE**


**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 63,115
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**********

**JIMMIE C. PETERS**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Billy H. Ezell, and James T. Genovese, Judges.


**AFFIRMED.**

Ezell, J., dissents with reasons.


**Jeffrey H. Thomas**
**Thomas Law Firm**
**P. O. Box 2177**
**Natchitoches, LA 71457-2177**
**(318) 352-6455**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Harmie Maxie**

**William D. Dyess**
**The Dyess Law Firm**
**870 West Main Street**
**P.O. Drawer 420**
**Many, LA 71449-0420**
**(318) 256-5667**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Frank L. Maxie**
    **Jacqueline Maxie**

**PETERS, J.**

Harmie Maxie (Harmie) appeals a trial court judgment ordering the partition by licitation of immovable property owned by him and his brother and sister-in-law, Frank and Jacqueline Maxie (Frank and Jacqueline). For the following reasons, we affirm the trial court judgment.

## DISCUSSION OF THE RECORD

The immovable property at issue is a twenty acre tract located near Florein, Louisiana, in Sabine Parish, and was previously owned by the deceased parents of Harmie and Frank.[1] After his mother died in 2009, Frank and Jacqueline acquired the undivided interests of Frank's father and eight of his eleven siblings; and in their August 25, 2010 petition to partition the property by licitation, Frank and Jacqueline named Harmie and the remaining two siblings as defendants. However, before the matter went to trial on May 7, 2012, Harmie acquired the undivided interests of the two codefendants. Thus, when the matter went to trial, Frank and Jacqueline owned an undivided 87.5 percent interest in the twenty acres,[2] and Harmie owned the remaining undivided 12.5 percent interest.

Following the completion of the evidentiary phase of the trial and the submission of post-trial memoranda, the trial court rendered judgment finding that the twenty acres was not susceptible to partition in kind and ordering that it be sold by the Sabine Parish Sheriff's Office at public sale without appraisal, but with a minimum acceptable bid of $35,000.00. The trial court further ordered that after

---

[1] The mother and father are never named in the record although the record does establish that Harmie and Frank are two of twelve siblings.

[2] Although a part of the interest claimed by Frank and Jacqueline was inherited by Frank, the parties stipulated that Frank and Jacqueline jointly owned the full 87.5 percent interest.

all costs were paid, the remaining proceeds were to be divided between the litigants according to their percentage of ownership.[3]

The trial court executed a written judgment to this effect on June 25, 2012, and Harmie filed a motion for new trial on July 5, 2012. Finding this motion to be untimely, the trial court denied it on July 6, 2012. This court granted Harmie's application for supervisory writs and reversed the trial court's denial of the motion for new trial. *Maxie v. Maxie*, 12-1014 (La.App. 3 Cir. 11/30/12) (unpublished opinion).[4] On remand, the trial court rendered a May 21, 2013 order granting the motion for new trial, but limited the relief to "presenting evidence as to the funds purportedly spent on improvements to the subject immovable property."

The trial court heard evidence on this issue on June 17, 2014, and following the submission of additional memoranda, executed a second judgment on August 19, 2014. In this judgment, the trial court awarded Harmie $857.50, which represents reimbursement of costs for gravel delivered to the twenty acres. The trial court rejected his remaining requests for reimbursement. On September 5, 2014, Harmie perfected the appeal now before us. In his appeal, he asserts in his one assignment of error that the trial court erred in concluding the twenty acres was not susceptible to partition in kind.

## OPINION

Louisiana Civil Code article 807 provides that "[n]o one may be compelled to hold a thing in indivision with another unless the contrary has been provided by

---

[3] The judgment also ordered that $312.50 be deducted from the net proceeds due Harmie and paid to Frank and Jacqueline as Harmie's proportionate share of the cost of an appraisal prepared for, and paid for by, Frank and Jacqueline.

[4] Harmie also filed a devolutive appeal on June 25, 2012, and this court lodged that appeal on October 6, 2012. After granting Harmie's supervisory writ relief, this court rendered an opinion dismissing the appeal as premature. *Maxie v. Maxie*, 12-1240 (La.App. 3 Cir. 2/13/13) (unpublished opinion).

law or juridical act." When the co-owners cannot agree on the manner of partition of the thing held in indivision, "a co-owner may demand judicial partition." La.Civ.Code art. 809. With regard to judicial partitions, La.Code Civ.P. art. 4606 provides that "[e]xcept as otherwise provided by law, or unless the property is indivisible by nature or cannot be conveniently divided, the court shall order the partition to be made in kind." Furthermore,

> The court shall decree partition in kind when the thing held in indivision is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision.

La.Civ.Code art. 810.

Generally, partition in kind is favored over partition by licitation. *Tri-State Concrete Co. Inc., v. Stephens*, 406 So.2d 205 (La.1981). However, "[p]roperty cannot be conveniently divided when a diminution of its value, or loss or inconvenience for one of the owners, would be the consequence of dividing it." *Id.* at 207. Additionally, if the property is indivisible by nature or cannot be conveniently divided, "the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares." La.Civ.Code art. 811. Furthermore, as discussed in *Cooper v. Buxton,* 07-1192, pp. 1-2 (La.App. 3 Cir. 4/2/08), 979 So.2d 1291, 1292 "[t]he party seeking partition by licitation has the burden of proving that the property cannot be divided in kind[,]" and "[t]he decision of whether to divide property in kind or by licitation is a question of fact to be decided by the trial court." Additionally, it is well settled that a reviewing court may not set aside a factfinder's determinations absent manifest error. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). The question to be answered is whether there exists in the record a

3

reasonable basis for the trial court's findings, and if so, the trial court's decision cannot be reversed. *Lewis v. State, Through the Department of Transportation and Development,* 94-2370 (La. 4/21/95), 654 So.2d 311. Where there are two permissive views of evidence, a factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.*

The evidentiary record establishes that the twenty acres is rural in nature and the written appraisal prepared by David M. Brewer, an Alexandria, Louisiana, commercial real estate appraiser, describes the acreage as follows:

> The subject tract is a tract of hill land off of Pilgrims Star Road, having no frontage and being burdened by an utility right of way easement which contains approximately 4.41 acres of the 20 acres subject tract or 22.0%. the property has two residences on it that will not be included in the value conclusion. There are 7.79 acres of usable land on the front 10 acres of the tract with the balance being subject to the utility easement. The rear 10 acres which includes approximately 2.20 acres of utility easement right of way, drops approximately 86 feet from the small shed to the southwest corner of the property which limits the utility of this portion of the property. The balance of the rear tract is timberland.

The utility right of way described by Mr. Brewer in his written appraisal contains a major electrical distribution line. The right of way is described as being 150 feet wide and traverses the twenty acres from the front to the rear. Additionally, the 7.79 acres of usable land described by Mr. Brewer contains two trailer homes, a barn, and a pond. Harmie lives in one of the trailers, and his sister, Shirley Gipson, lives in the other. The property line which lies closest to, and parallels Pilgrim Star Road, is 660 feet. Access to Pilgrim Star Road is by way of a gravel road located within the utility right of way.

At trial, Frank and Harmie testified, but their testimony merely related to their individual desires for a particular result in the litigation: Frank testified that he and Jacqueline wished to effect a partition by licitation, and Harmie testified to

4

his desire for a partition in kind. Both litigants provided the trial court with expert evidence addressing these issues with Frank and Jacqueline relying on the testimony of Mr. Brewer and Douglas Dockens, a Louisiana[5] registered land surveyor; and with Harmie relying on the testimony of Gary Krize, a Sabine Parish real estate appraiser. The trial court accepted all three men as experts in their respective fields. Both Mr. Brewer and Mr. Dockens were of the opinion that the twenty acres could not be could be conveniently partitioned in kind without a diminution of its value and/or a loss or inconvenience to either of the owners; and Mr. Krize reached a contrary conclusion.

Mr. Brewer presented the only testimony concerning the value of the twenty acres, and set that value at $35,000.00.[6] However, while acknowledging that some areas within the twenty acres were more valuable than others, he did not explain how he differentiated between these areas in reaching the overall value. With regard to the divisibility question, Mr. Brewer was of the opinion that the significant variations in the topography of the twenty acres precluded partition in kind. He noted that the acreage closest to Pilgrim Star Road is relatively level while the rear acreage descends into a creek. According to Mr. Brewer, the best use of the acreage as a whole would be for recreational activities and timber growth, and both activities would be better served if the acreage remained undivided. He further opined that any attempt to divide the acreage where each litigant would receive his pro rata share of the three specified areas (the cleared acreage, the acreage affected by the utility right of way, and the timber acreage)

---

[5] The record does not reflect Mr. Dockens' domicile or business location other than he is licensed in Louisiana.

[6] According to Mr. Brewer, the entire twenty acres was worth $35,000.00, but different parts of the acreage were worth more than others because of the difference in topography.

would not be financially feasible.  In performing his analysis, he made no attempt to divide the acreage into individual lots, but simply took into consideration the existence of the utility right of way and the difference in topography throughout the acreage.

Mr. Dockens testified that he completed a preliminary survey[7] of the twenty acres, but never completed an acceptable survey.  Additionally, even though he did go to the property, he did not walk to the rear of the acreage and could not testify concerning the topography in that area.  On direct examination, he opined that the property could not be partitioned in kind.  However, when asked on cross-examination if he and a real estate appraiser could work together and effect a division of the acreage into eight lots which would be close to equal in value, he testified that the task "would be very difficult but it could probably be done."  He explained that the difficulty lay in effecting the values for each lot.

Mr. Krize physically traversed the twenty acres, examined photographs of the area, and reviewed the partial survey prepared by Mr. Dockens prior to testifying.  He was of the opinion that the utility right of way precluded the development of the acreage for "high end" residential purposes, but that the acreage could be divided into lots for trailer homes and similar structures.  In his opinion, the acreage could easily be divided into eight lots of equal although the lots would not be the same size.

While the trial court did not provide reasons for the judgment rendered, it obviously accepted the testimony of Frank and Jacqueline's experts and concluded that partition by licitation is the appropriate remedy.  Harmie argues that reliance on the testimony of Mr. Brewer and Mr. Dockens was error because they made no

_____

[7] This preliminary survey was not offered into evidence.

effort to divide the acreage into lots before concluding that it could not be divided in kind. Absent such an effort, Harmie argues, Frank and Jacqueline failed in their burden of showing that the property could not be divided in kind.

We find no merit in this argument. Mr. Brewer opined that the existing utility right of way and the overall topography of the twenty acres precluded a financially feasible partition in kind; and while acknowledging that a division of the acreage into eight lots "could probably be done[,]", he modified that statement by saying "it would be very difficult." Thus, both experts were of the opinion that the twenty acres could not be "conveniently divided" as required by La.Code Civ.P. art. 4606, and Mr. Brewer was of the opinion that because the highest and best use of the acreage was timber growth and recreation, a partition in kind would defeat that usage.

While Mr. Krize was of the opinion that the property could be easily divided into eight equally valued lots, he presented nothing to support this position. Thus, the trial court was left without evidence regarding the cost of the survey which would be required to subdivide the acreage, or the appraisal cost to establish the value of each lot. Without specifics, the trial court could easily have concluded that the cost of a partition in kind would cause a diminution in the value of the property as a whole.

We find no manifest error in the trial court's obvious reliance on the testimony of Mr. Brewer and Mr. Dockens and the rejection of Mr. Krize's testimony. Therefore, we find no merit in Harmie's sole assignment of error.

**DISPOSITION**

For the foregoing reasons, we affirm the trial court judgment rendered in favor of Frank L. Maxie and Jacqueline Maxie and against Harmie Maxie, ordering

7

the partition by licitation of the twenty acres at issue in this litigation.  We assess all costs of this appeal to Harmie Maxie.

**AFFIRMED.**

**FRANK L. MAXIE & JACQUELINE MAXIE**

**VERSUS**

**HARMIE MAXIE**

**EZELL, Judge, dissenting.**

I will dissent on the issue of whether the property can be partitioned in kind. There is a preference given by law to partition in kind. The basis for that is that property rights and ownership of property by individuals are the foundation upon which the nation and states were founded. The one thing that is a fact, "there is no more land being made."

There is evidence in the record that the property in dispute can be partitioned in kind and that does not mean that you must have equal size parcels but that you have parcels that are equal in value.

The burden of proving that the property cannot be partitioned in kind is on the party moving for partition by licitation and in this case I find that proof lacking.

I respectfully dissent from the majority in this matter.